# Third District Court of Appeal

## State of Florida

Opinion filed May 1, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0587
Lower Tribunal No. 19-126-P
_____


## Paul Rohart,
Appellant,

vs.

## International Keys Realty, LLC, etc., et al.,
Appellees.


An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Kelsky Law, P.A., and Brad E. Kelsky (Plantation), for appellant.

Behren Law Firm, and Scott M. Behren, (Weston), for appellee International Keys Realty, LLC.


Before LOGUE, C.J., and LINDSEY and BOKOR, JJ.

PER CURIAM.

Affirmed. See In re Amends. to Fla. R. of Civ. Proc. 1.510, 317 So. 3d 72, 74 (Fla. 2021) (revising summary judgment rule to mirror federal summary judgment standard); In re Amends. to Fla. R. of Civ. Proc. 1.510, 309 So. 3d 192, 193 (Fla. 2020) (approvingly refencing the United States Supreme Court's explanation that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment") (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)); see also Velasquez v. Cardinal Health 414 LLC, No. 20-CIV-60402, 2021 WL 2493087, at *1 (S.D. Fla. Jun. 18, 2021) (adopting report and recommendation granting summary judgment for defendant, explaining that "[t]he problem for Plaintiff is that even crediting that testimony, she failed to point to evidence in the record that would support her claims"); Rural Int'l Bank Ltd. v. Key Fin. Inv. Grp. LLC, No. 16-22280-Civ, 2017 WL 5891463, at *5 (S.D. Fla. Oct. 24, 2017) ("[A] party's uncorroborated self-serving testimony cannot prevent summary judgment, particularly if the overwhelming documentary evidence supports the opposite scenario.") (quoting Vinewood Cap., LLC v. Dar Al-Maal Al-Islami Tr., 541 F. App'x 443, 447 (5th Cir. 2013)); In re Trasylol Prods. Liab. Litig., No. 08–MD–1928, 2010 WL 6098570, at *8 (S.D. Fla. Mar. 8, 2010) ("Plaintiff

2

provides no legal basis for the proposition that a plaintiff's self-serving testimony is sufficient to counter record evidence so as to create a triable issue of fact precluding summary judgment.").